ELIAS AGUINIGA, ESQ. (SBN 336330)
**EAAM a Professional Law Corporation**
2725 Jefferson St. Ste. #3
Carlsbad California 92008
Telephone: (559) 999-4964
Facsimile: (760) 720-5217
Email: lightningdiscovery@gmail.com

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
11/13/2024 11:11:59 PM
Clerk of the Superior Court
By I. Ledesma, Deputy Clerk

Attorney for Plaintiff,
JESSICA KRAMER, an individual

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO,
### VISTA COURTHOUSE

JESSICA KRAMER,

  Plaintiff,

v.

CITY OF CARLSBAD;
CARLSBAD POLICE
DEPARTMENT and DOES 1
through 30, inclusive,
  Defendants.

CASE NO.: 24CL023204N

1. **NEGLIGENCE**
2. **DISABILITY DISCRIMINATION**
3. **FAILURE TO PROVIDE REASONABLE ACCOMMODATION**
4. **GOV. CODE 12940(M)-FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**
5. **BANE ACT 52.1 (A)- DENIAL OF FEDERAL CIVIL RIGHT**
6. **DEFAMATION**

ACTION FILED: NOVEMEBER 13, 2024
DEPT.:
JUDGE:

Plaintiff, JESSICA KRAMER, is an individual, herein after referred to as "Plaintiff", Plaintiff hereby alleges:

1. Plaintiff, JESSICA KRAMER is, and at all times mentioned herein, an adult residing in the City of Carlsbad, County of SAN DIEGO, State of California.

2. Plaintiffs believe and thereon allege that Defendants, CITY OF CARLSBAD, agents and employees of Defendant[1] CARLSBAD POLICE DEPARTMENT;

Officers, Administrators, Agents and Employees, of Defendant CITY OF CARLSBAD, and DOES 1-30 inclusive are individuals, Corporations, and public entity agencies, respectively, residing and operating in the state of California and within San Diego County.

3. Plaintiff is ignorant of the true names and capacities of the Defendants, as DOES 1-30, inclusive and therefore sues Defendants by such fictitious names. Plaintiff will amend this Complaint to allege true names and capacities as they are ascertained. Plaintiff is informed and believes, and thereon alleges that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and Plaintiff's injuries as herein alleged were proximately caused by Defendants' Negligence.

4. Plaintiff is informed and believes and thereon allege, that at all times mentioned, each of the Defendants sued herein as a "DOE" was the agent and/or employee of each of the remaining Defendants, and was at all times acting within the purpose and scope of such agency and or employment.

5. At all times herein mentioned, DOES 1 through 10, inclusive, were the agents and/or employees of Defendants, and DOES 11-20, doing the hereinafter alleged were acting within the scope and their authority as such agents, servants and employees and with the permission and consent of their co-defendants.

6. On April 12, 2024, Plaintiff JESSICA KRAMER, an individual, on behalf of herself, timely submit claims to Defendants, CITY OF CARLSBAD; however, such stated claims against Defendants were summarily rejected by Defendant(s) CTY OF CARLSBAD, or its agents, on May 13, 2024, via Notice of Rejection of Claims Letter. Plaintiff has since complied with all governmental code requirements in regard to notice and timeliness of bringing her Complaint.

I.

**FIRST CAUSE OF ACTION**

**General Negligence- As Against All Defendants**

9. Plaintiff refers to the allegations contained in paragraphs 1-8 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

10. On July 7, 2022, Plaintiff KRAMER contacted emergency medical services in the City of Carlsbad in order to receive emergency medical care and transport to local area health services.

11. Prior to contacting emergency medical services (EMS), Plaintiff and Defendant had established a reasonable accommodation plan in the event Plaintiff KRAMER required services given her medical health condition.

12. Defendants CITY OF CARLSBAD, CITY OF CARLSBAD FIRE DEPARTMENT, had a duty to provide the required emergency medical service response, including the agreed upon reasonable accommodation(s) for Plaintiff's qualified disability (recurring viral meningitis with panic attacks, and paralysis).

13. Defendants failed to meet the appropriate standard of care for a disabled person in emergency services in that Defendants failed to provide emergency medical response services, including the agreed upon reasonable accommodation for Plaintiff's known disability.

14. On the July 7, 2022, Defendants CITY OF CARLSBAD emergency services dispatch failed to acknowledge the agreed upon reasonable accommodation emergency action plan for Plaintiff, and failed to provide emergency medical services in response to a qualified medical emergency.

15. In failing to follow Defendant CITY OF CARLSBAD's own emergency response policies and protocols, as they pertain to residents, who request reasonable accommodations for an established disability, raises a presumption of negligence, under the Negligence Per Se doctrine.

16. In failing to adhere to the Defendant's own emergency response plan for a disabled person who seeks reasonable accommodations and assurances from public

3
PLAINTIFFS COMPLAINT

entities; and failing to take appropriate action in response to a disabled Carlsbad resident having a medical emergency; and in failing to deliver emergency medical services nor the requested reasonable accommodation in the event of a medical emergency; Defendants CITY OF CARLSBAD was willfully and knowingly indifferent to the harm caused to Plaintiff.

17. But for the acts and omissions by Defendant(s), CITY OF CARLSBAD, administrators, agents and employees, DOE Defendants 1-30, and all involved personnel, agents of the public entity, the harm would not have occurred.

18. Under California Government Code 815.2, public entity Defendants, CITY OF CARLSBAD are vicariously liable for the acts and omissions of their respective agents and employees, agencies and subordinate agencies, under the doctrine of Respondent Superior.

19. The aforementioned acts and omissions on the parts of defendants, and each of them, were the actual and proximate cause of Plaintiffs' injuries.

20. As a direct and proximate result of Defendants' negligence, Plaintiff suffered substantial injuries, pain and suffering, loss of enjoyment of life, intimidation, disability discrimination, retaliation and other noneconomic damages in a sum to proven at trial.

21. As a further direct and proximate result of Defendants' negligence, Plaintiff was compelled to and did incur expenses for medical care and Plaintiff KRAMER and will have to incur expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiffs will either seek leave to amend complaint once such amounts are known, or will prove said amounts at the time of trial.

II.

## SECOND CAUSE OF ACTION

### Disability Discrimination – Disparate Treatment

22. Plaintiff alleges Defendant CITY OF CARLSBAD violated Plaintiff's civil rights.

4
PLAINTIFFS COMPLAINT

Plaintiff refers to the allegations contained in paragraphs 1-21 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

23. Defendant(s) CITY OF CARLSBAD demonstrated a pattern and practice of forcing, Plaintiff KRAMER., a disabled resident of Carlsbad to be subject to disability discrimination, while also failing to provide a reasonable accommodation for emergency medical services response, and by a failure to engage in the interactive process to meet Plaintiff KRAMERS's disability needs for emergency response procedures as they relate to life threatening symptoms of viral meningitis.

25, Defendants were acting or purporting to act in the performance of their official duties.

25. But for Defendant(s) CITY OF CARLSBAD conduct in failing to meet its own agreed upon reasonable accommodation; failure to provide a reasonable accommodation for Plaintiff KRAMER, a disabled resident with a known disability and accommodation plan; and Defendants failure to engage in the interactive process violated Plaintiff KRAMER's right to specific sections of Americans with Disabilities Act, Section 504 of the Federal Rehabilitation Act, in the case of a medical emergency response, Plaintiff KRAMER would not have been harmed.

26. Plaintiff was harmed in that Defendant(s) acts and omissions resulted in Plaintiff KRAMER suffering great bodily injury requiring further medical response, exacerbation of her severe PTSD, anxiety, and depression and further aggravation of her symptoms related to her viral meningitis; deprivation and denial of her federal and state civil rights; fear and intimidation as it relates to Defendant(s) willingness to respond to her particular case in the event of a medical emergency; she to this day suffers a great deal of fear, humiliation and agoraphobia related to her fear of encounters with Defendant CITY OF CARLSBAD agents, employees, CITY OF CARLSBAD POLICE DEPARTMENT, CITY OF CARLSBAD- HOMELESS OUTREACH and others.

5
PLAINTIFFS COMPLAINT

27. Defendants' failure to adhere to the agreed reasonable accommodation for Plaintiff's known disability in the event of a medical emergency, Defendants' failure to provide a reasonable accommodation, and failure to engage in the interactive process or review the request were all substantial factors causing the harms Plaintiff suffers.

## III.

## THIRD CAUSE OF ACTION

## Failure to Provide Reasonable Accommodation to Persons with Disabilities

28. Plaintiff refers to the allegations contained in paragraphs 1-27 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

29. Plaintiffs claim and thereon allege Defendants failed to reasonably accommodate Plaintiff KRAMER's known disability of stress related disorders, including severe panic attacks and other symptoms related to viral meningitis.

30. Defendant(s) are a public entity municipality, CITY OF CARLSBAD.

31. Plaintiff KRAMER was an at all times legal resident of the CITY OF CARLSBAD, a San Diego County, public municipality.

32. Defendant(s) treated Plaintiff KRAMER as if she had a known disability in that Defendant agreed to a reasonable accommodation of an accompanying support animal in the event of Plaintiff's emergency medical need was required.

33. Defendant(s) knew of Plaintiff KRAMER's preexisting medical and mental health condition and the necessary emergency action plan necessary to carry out Plaintiff's predetermined reasonable accommodation.

34. Defendant simply failed to provide a reasonable accommodation for Plaintiffs disability by failing to follow the emergency response procedure agreed upon between Plaintiff and Defendant CITY OF CARLSBAD.

6
PLAINTIFFS COMPLAINT

35. Plaintiff KRAMER was harmed.

36. Defendant's failure to provide the reasonable accommodation was a substantial factor in causing the harms Plaintiff suffered.

## IV.

## FOURTH CAUSE OF ACTION

### Gov. Code 12940(m) - Failure to Engage in Interactive Process

37. Plaintiff refers to the allegations contained in paragraphs 1-36 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

38. Plaintiffs believe and thereon allege Defendants CITY OF CARLSBAD failed to engage in a good-faith interactive process with Plaintiff KRAMER. Defendants failed to make a standard Rehabilitation Act, Section '504' meeting available to Plaintiff KRAMER, to determine whether Defendant CITY OF CARLSBAD would implement and review effective reasonable accommodations requested.

39. Plaintiff contacted Defendant through the provided channels requesting a review of the reasonable accommodation on several occasions, both personally and through counsel, but requests were denied. The denial of Plaintiff's civil rights was ongoing and a continuing violation of her civil rights to this day and her claims as such should be tolled.

40. If not for Defendants failure to provide the agreed reasonable accommodation, engage in the interactive process to review and remedy the failure Plaintiff KRAMER would not have been harmed.

41. Plaintiff KRAMER was harmed.

42. Defendants' failure to provide the reasonable accommodation was the substantial factor in causing Plaintiff KRAMER's harm.

## V.

## FIFTH CAUSE OF ACTION

7
PLAINTIFFS COMPLAINT

## BANE ACT 52.1(a)– Denial of Federal Civil Right

43. Plaintiff KRAMER claims and thereon allege Defendant CITY OF CARLSBAD intentionally interfered with Plaintiff KRAMER's civil rights by gross negligence, intimidation and coercion whereby Plaintiff KRAMER was forced to endure disparate treatment, disability discrimination, and endure public humiliation and reputational damage by defamation of character by Defendant(s), agents and employees of Defendant CITY OF CARLSBAD.

44. By such gross negligence and coercion, as refusal to provide, review, modify or afford Plaintiff the requested reasonable accommodation, and by the intentional infliction of reputational damage, Defendants CITY OF CARLSBAD caused Plaintiff KRAMER to reasonably believe that if she exercised her right to seek emergency medical services by calling '911', in the event of an actual emergency that her request would be denied.

45. Through Defendants acts or omissions Plaintiff KRAMER was forced to endure the fear, intimidation and uncertainty that any request for emergency medical services would be denied or that Defendants agents or employees would retaliate by seeking to inflict further reputational damage to her personally and professionally.

46. Defendants by their grossly negligent acts and omissions were indifferent to the risk of harm to Plaintiff KRAMER and intended to deprive Plaintiff KRAMER of her enjoyment of the interests protected by the right to emergency medical services within her county and City of residence, CITY OF CARLSBAD.

45. Plaintiff KRAMER was harmed in that she continues to suffer from extreme fear and intimidation as a disabled person, has and continues to have her federal and civil rights violated by Defendants refusal to provide a reasonable accommodation for a known disability, refusal to engage in the reasonable accommodation process and now intentional infliction of reputational damage and severe emotional distress.

46. Defendant(s) conduct was the substantial factor in causing Plaintiff's harm.

## VI.

## SIXTH CAUSE OF ACTION

### Defamation

47. Plaintiff refers to the allegations contained in paragraphs 1-46 and, by such reference, hereby incorporates each and every allegation therein contained the same as if set forth herein in full.

48. Plaintiff KRAMER claims and thereon alleges that on or around October 13, 2023, Defendant CITY OF CARLSBAD, CITY OF CARLSBAD POLICE harmed her by making defamatory statements to other public entity agencies including the San Diego County Psychiatric Hospital Unit in San Diego, CA, including, recording Plaintiff KRAMER's personal identification information, as an intake patient of the '5150' County psychiatric unit.

49. At the time, CARLSBAD POLICE DEPARTMENT officers knowingly misidentified and checked-in a homeless patient, under the name and date of birth of Plaintiff KRAMER. San Diego County Psychiatric staff who received this patient from Defendant CITY OF CARLSBAD, understood those identification statements about the patient and Plaintiff KRAMER to be true. Thus, CITY OF CARLSBAD POLICE DEPARTMENT knowingly misidentified another patient as Plaintiff KRAMER on the standard DHCS 1801 form ; those recorded statements by Defendant(s) were false.

50. Further, those statements were republished within the San Diego County Psychiatric computer information database throughout the County of San Diego.

51. San Diego Psychiatric intake staff reasonably understood those statements to mean Plaintiff KRAMER was an established psychiatric mental health risk to herself or to others when she was not the person physically being submit for admission to the mental health facility. San Diego County staff received and recorded the patient intake information received from Defendant CITY OF CARLSBAD POLICE, Homeless Outreach Unit, as any other public entity would intake a patient.

52. Through her own investigation, Plaintiff KRAMER claims and thereon alleges based on information and belief Defendant(s) intentionally made these false statements in order to defame her reputation.

53. Subsequently, on October 18, 2023, the County of San Diego, Health and Human Services Agency confirmed the error and misidentification was recorded on the public entities patient records system.

54. Defendant CITY OF CARLSBAD, CITY OF CARLSBAD POLICE, and their agents and employees failed to use reasonable care to determine the truth or falsity of these statements before publishing them to the San Diego County Psychiatric Unit.

Dated: November 13, 2024

**EAAM a Professional Law Corporation**

By:

Elias Aaron Aguiniga-Martinez, Esq.

Attorney for Plaintiff,
JESSICE KRAMER

## DEMAND FOR JURY TRIAL

55. Plaintiff KRAMER hereby demands a trial by jury.

Dated: November 13, 2024

**EAAM a Professional Law Corporation**

By:

Elias Aaron Aguiniga-Martinez, Esq.

Attorney for Plaintiff,
JESSICE KRAMER